**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CAITLIN L. HUDSON, *et al.*,

*Plaintiffs*,

v.

ROCKET MORTGAGE, LLC, *et al.*,

*Defendants*.

Case No. 26-cv-3147-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed this action concerning a real property dispute in state court on July 3, 2026. ECF No. 2. Plaintiffs also filed a motion for a temporary restraining order and preliminary injunction in an attempt to prevent potential foreclosure on their property. ECF No. 3. Plaintiffs then filed an amended complaint, ECF No. 20, to which Defendants Safeguard Properties Management, LLC and Cenlar FSB filed motions to dismiss. ECF Nos. 22 & 23. The third defendant, Rocket Mortgage, LLC, filed a motion indicating that it understood Plaintiffs were planning to file a motion for leave to file a second amended complaint and, rather than respond to the first amended complaint that was likely to be superseded, Rocket Mortgage sought leave to extend its answer deadline to fourteen days after the Court ruled on any motion to amend. ECF No. 33. The Court granted this extension. ECF No. 38.

Plaintiffs did soon after file a motion for leave to file a second amended complaint. ECF No. 34. That motion is unopposed. Cenlar FSB filed a motion seeking an extension of time, recognizing that Plaintiffs' motion to amend was unopposed and that its motion to dismiss would become moot if the Court granted Plaintiffs' motion. ECF No. 39. The Court also granted Cenlar FSB's requested extension. ECF No. 42.

## I. Motion for Temporary Restraining Order and Preliminary Injunction

In Plaintiffs' motion for a temporary restraining order and preliminary injunction, they primarily seek to prevent Rocket Mortgage from filing a foreclosure action against them. While Plaintiffs allege they received a May 6, 2026 Notice of Intent to Foreclose, they admit that "no foreclosure action has yet been docketed." ECF No. 3-1 at 2.

"[A] preliminary injunction is an extraordinary remedy." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (internal citation omitted). It "involv[es] the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Id.* (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)). Because no foreclosure action has been filed, the issue raised by Plaintiffs' motion for a temporary restraining order or preliminary injunction is not sufficiently ripe for judicial review. As a result, the Court will exercise its discretion and deny the motion without prejudice. *See, e.g.*, *South Carolina v. United States,* 912 F.3d 720, 731 (4th Cir. 2019) (holding that the district court lacked jurisdiction to enter a preliminary injunction where "contingent future events" would need to occur before an injury was felt).

## II. Motion to File a Second Amended Complaint

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 920 (4th Cir. 2013). Given that Plaintiffs' motion to file a second amended complaint is unopposed and no party has argued that amendment would be futile or is being sought in bad faith, the Court will grant the motion.

## III. Motions to Dismiss

Because the Court will grant the motion to file a second amended complaint, and the second amended complaint will become the operative complaint, the motions to dismiss the first amended complaint will be denied as moot.

For the forgoing reasons, it is ORDERED that:

1. The motion for temporary restraining order and preliminary injunction (ECF No. 3) is DENIED without prejudice.

2. The unopposed motion to file a second amended complaint (ECF No. 34) is GRANTED and the complaint filed at ECF No. 34-2 shall be docketed.

3. The motions to dismiss (ECF Nos. 22 & 23) are DENIED as moot.

Date: October 26, 2026

/s/
Adam B. Abelson
United States District Judge